# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO. 12-46-CA

OAK FOREST PRODUCTS, INC. a Florida corporation,

    Plaintiff,

vs.

HISCOCK & BARCLAY, LLP, a New York corporation; and THOMAS R. FITZGERALD, individually,

    Defendants.



## COMPLAINT FOR DAMAGES
## AND
## DEMAND FOR JURY TRIAL

The Plaintiff, OAK FOREST PRODUCTS, INC., a Florida corporation sues the Defendants, HISCOCK & BARCLAY, LLP, a New York corporation and THOMAS R. FITZGERALD, individually and says:

1.    This is an action for damages in excess of the minimum jurisdictional limits of this court.

2.    This action arises from the attorney – client relationship between the Plaintiff and the Defendants.

3.    The Plaintiff OAK FOREST PRODUCTS, INC. (OAK FOREST) is a Florida corporation and does business in Stuart, Florida.

4.    The Defendant HISCOCK & BARCLAY, LLP. (HISCOCK & BARCLAY) is

established under the laws of New York with business locations in the State of New York, Washington, D.C. and Canada.

5. HISCOCK & BARCLAY is a Law Firm that employs over 200 lawyers with advertized specialties in Intellectual Property and Patent law.

6. The Defendant THOMAS R. FITZGERALD (FITZGERALD) is a resident of the State of New York.

7. At all time relevant, FITZGERALD was and is an attorney admitted to practice law in the State of New York.

8. FITZGERALD advertizes himself and holds himself out as a specialist in intellectual property law.

9. Before May 2003, FITZGERALD was retained by Thomas Cartwright and OAK FOREST to provide legal services related to certain intellectual property rights held by Mr. Cartwright and OAK FOREST.

10. In 2005, FITZGERALD joined HISCOCK & BARCLAY as an attorney and became a partner in that firm.

11. Venue is proper in Martin County, Florida in that this action accrued, and business was transacted, in Martin County, Florida.

12. This Court has personal jurisdiction over the Defendants because; either personally or through an agent, the defendants:

    a. contracted to provide legal representation to a Florida company;

    b. committed a tortious act within the State of Florida, included but not limited to committing a foreign tortious act that caused injury in Florida; and,

    c. engaged in substantial and not isolated business activity in the state.

13. At all times relevant, OAK FOREST was located in and transacted business from Stuart, Florida.

14. At all times material, FITZGERALD and/or HISCOCK & BARCLAY held themselves out to the public and the Mr. Cartwright as experts in the legal areas related to patent rights and prosecution and intellectual property.

15. At all times material, an attorney client relationship existed between OAK FOREST, as client, and FITZGERALD and HISCOCK & BARCLAY, as attorneys.

16. FITZGERALD and/or HISCOCK & BARCLAY were retained to advise Thomas Cartwright and OAK FOREST in obtaining and perfecting their intellectual property rights (including copyright and patent rights) in the leaf fan blade design; in detecting and identifying infringement of those rights; and, in preventing or stopping infringement on those rights.

17. Further, FITZGERALD and HISCOCK & BARCLAY were retained to represent OAK FOREST in the preparation, filing and litigation of an action seeking damages for infringement against King of Fans, Inc. and Home Depot USA, Inc.

18. At some time in 2005, FITZGERALD joined the firm of HISCOCK & BARCLAY and the representation of the Plaintiffs continued.

19. Before April 2002, Thomas Cartwright designed a ceiling fan blade in the shape of a leaf (the "leaf fan blade").

20. Mr. Cartwright envisioned a market for the leaf fan blade and desired to protect his intellectual property rights by patenting and copyrighting the fan blade design.

21. OAK FOREST applied for a copyright and Thomas Cartwright applied for a patent to protect the intellectual property rights in the fan blade.

22. On May 28, 2003, OAK FOREST received a Certificate of Registration of a

Copyright on the leaf fan blade.

23. Before May, 2003, Thomas Cartwright was familiar with the fan market and knew that King of Fans, Inc. manufactured ceiling fans for sale to Home Depot.

24. King of Fans, Inc. is a Florida corporation with its business offices in Fort Lauderdale, Florida.

25. Before May, 2003, OAK FOREST, through a manufacturing plant in China, was manufacturing leaf fan blades.

26. Before May, 2003, OAK FOREST sold leaf fan blades to King of Fans, Inc. King of Fans, Inc. attached the leaf fan blades to the fan motor and sold the assembled fans to Home Depot as the Antigua Hampton Bay ceiling fan.

27. On or before May 28, 2003, OAK FOREST discovered that King of Fans, Inc. and Home Depot were selling fan blades that infringed on the copyright.

28. FITZGERALD, as attorney for OAK FOREST, notified King of Fans, Inc. of the infringement and demanded that they cease and desist from the sale of the infringing fan blades.

29. Despite this notice and demand, the infringement continued.

30. On June 15, 2004, Thomas Cartwright was issued a Patent (Patent No. D491,657) on the leaf fan blade.

31. FITZGERALD knew or should have known of the infringing sales on the date the patent issued, June 15, 2004.

32. After the issuance of patent 657, the leaf fan blades were not marked with the patent number.

33. OAK FOREST is the owner of all rights under Patent 657..

34. On November 20, 2008, FITZGERALD and HISCOCK & BARLCAY, on behalf of OAK FOREST, filed a lawsuit against Home Depot USA, Inc. and King of Fans, Inc. in the United States District Court of the Western District of New York. (the underlying lawsuit). *Oak Forest Products, Inc. v. Home Depot USA, Inc. and King of Fans, Inc.*, Civil Action No. 08 CV 6531.

35. The underlying lawsuit sought damages for patent infringement (Count I) and copyright infringement (Count II).

36. The underlying lawsuit is ongoing.

37. Because of the negligence of FITZGERALD and HISCOCK & BARCLAY, the scope of the damages in the underlying lawsuit is severely limited.

38. The Plaintiff has complied with all conditions precedent to this action.

## COUNT I
## LEGAL NEGLIGENCE - FITZGERALD

The Plaintiff re-alleges paragraphs 1 through 38.

39. The Defendant, FITZGERALD, was negligent and breached his duty to OAK FOREST in the rendition of legal services by failing to properly advise OAK FOREST regarding the patent of the leaf fan blade.

40. The Defendant, FITZGERALD, was negligent and breached his duty to OAK FOREST in the rendition of litigation services by failing to properly represent OAK FOREST in the preparation, commencement and conduct of the Underlying litigation.

41. FITZGERALD failed to advise OAK FOREST of the notice requirements of the patent law and the requirement to place the patent number on the patented product, the leaf fan blade.

42. Upon discovery of the infringement, FITZGERALD failed to notify the

infringers (King of Fans, Inc. and Home Depot USA, Inc.) of the patent and demand that they cease and desist the infringing sales.

43. FITZGERALD failed to promptly commence the infringement litigation.

44. FITZGERALD failed to provide notice of the patent and a cease and desist demand to King of Fans, Inc. and Home Depot USA, Inc. after the issuance of the patent and upon discovery of the infringement.

45. FITZGERALD failed to properly research, analyze, discover, gather witnesses and conduct the Underlying lawsuit.

46. FITZGERALD failed to competently, promptly and diligently provide legal services to OAK FOREST.

47. FITZGERAL failed to act with reasonable diligence and promptness in the conduct of the legal representation of OAK FOREST.

48. FITZGERALD failed to promptly inform OAK FOREST of a known conflict and failed to obtain the informed consent of the client regarding that known conflict.

49. FITZGERALD continued to represent OAK FOREST in the Underlying lawsuit in the face of a known conflict

50. The above negligence caused OAK FOREST damages including but not limited to, those damages recoverable from the infringer in a copyright or patent infringement lawsuit, lost profits, a reasonable royalty, the value of or recoupment of profits from each infringer, attorney fees and costs, and prejudgment interest.

WHEREFORRE the Plaintiff demands judgment against the Defendant, THOMAS R. FITZGERALD, and further demands trial by jury.

## COUNT II
## LEGAL NEGLIGENCE – HISCOCK & BARCLAY

The Plaintiff re-alleges paragraphs 1 through 38.

51. The Defendant, HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, was negligent and breached its duty to OAK FOREST in the rendition of legal services by failing to properly advise OAK FOREST regarding the patent of the leaf fan blade.

52. The Defendant, HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, was negligent and breached its duty to OAK FOREST in the rendition of litigation services by failing to properly represent OAK FOREST in the preparation, commencement and conduct of the Underlying litigation.

53. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to advise OAK FOREST of the notice requirements of the patent law and the requirement to place the patent number on the patented product, the leaf fan blade.

54. Upon discovery of the infringement, HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to notify the infringers (King of Fans, Inc. and Home Depot USA, Inc.) of the patent and demand that they cease and desist the infringing sales.

55. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to promptly commence the infringement litigation.

56. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to provide notice of the patent and a

cease and desist demand to King of Fans, Inc. and Home Depot USA, Inc. after the issuance of the patent and upon discovery of the infringement.

57. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to properly research, analyze, discover, gather witnesses and conduct the Underlying lawsuit.

58. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to competently, promptly and diligently provide legal services to OAK FOREST.

59. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to act with reasonable diligence and promptness in the conduct of the legal representation of OAK FOREST.

60. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, failed to promptly inform OAK FOREST of a known conflict and failed to obtain the informed consent of the client regarding that known conflict.

61. HISCOCK & BARCLAY, by and through its employees, agents, partners and attorneys, including but not limited to FITZGERALD, continued to represent OAK FOREST in the Underlying lawsuit in the face of a known conflict

62. The above negligence caused OAK FOREST damages including but not limited to; those damages recoverable from the infringer in a copyright or patent infringement lawsuit, lost profits, a reasonable royalty, the value of or recoupment of profits from each infringer, attorney fees and costs, and prejudgment interest.

63. HISCOCK & BARCLAY is vicariously liable for the acts of its attorneys, agents,

employees and partners.

WHEREFORE the Plaintiff demands judgment against the Defendant, HISCOCK & BARCLAY, LLP, and further demands trial by jury.

Dated _____January 9, 2012_____.

TRIPP, SCOTT, P.A.
Attorneys for Plaintiff
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By_____
Edward R. Curtis
Florida Bar No. 236845

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

CASE NO. 12-46-CA – Judge Metzger

OAKFOREST PRODUCTS, INC. a Florida Corporation,

    Plaintiff,

vs.

HISCOCK & BARCLAY, LLP, a New York corporation and THOMAS R. FITZGERALD, individually,

    Defendants.



## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant Hiscock & Barclay, LLP, by serving Robert A. Barrer, Esquire, Hiscock & Barclay, LLP, One Park Place, 300 South State Street, Syracuse, NY 13202.

    Each defendant is required to serve written defenses to the complaint or petition on Edward R. Curtis, Esquire, plaintiff's attorney, whose address is Tripp, Scott, P.A., 110 SE 6th Street, 15th Floor, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition. 2/27/12



HOWARD FORMAN MARSHA EWING
As Clerk of the Court

DEBBIE FLEETWOOD
Deputy Clerk

614531v1 997966.0001