UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OAK FOREST PRODUCTS, INC.,
a Florida Corporation,
OAK FOREST PRODUCTS, INC., (Taiwan),
MICHAEL LAI,
MR. THOMAS CARTWRIGHT,

                              Plaintiffs,

                                                      DECISION AND ORDER

                                                      12-CV-6453L

            v.

HISCOCK & BARCLAY, LLP
a New York Limited Liability Partnership,


                              Defendant.
_____


      This action arises from allegations of legal malpractice against defendant Hiscock &

Barclay ("H&B" or the "defendant firm") in connection with its representation of Oak Forest

Products, Inc. ("OFP"), its Taiwanese sister corporation Oak Forest Products, Inc. (Taiwan)

("OFP-Taiwan"), OFP President and sole owner Thomas Cartwright ("Cartwright") and OFP-

Taiwan President and sole owner Michael Lai ("Lai").

      It is undisputed that beginning in or about 2002, Thomas Fitzgerald ("Fitzgerald"), who

later joined H&B, represented the plaintiffs relative to a design patent initially owned by

Cartwright, and later transferred to OFP-Taiwan and/or Lai, and that Fitzgerald continued to

provide services to the plaintiffs relative to the patent, and a copyright on the same product,

through and after 2008.   On September 18, 2008, OFP retained H&B, via a continent fee agreement, to provide legal services in connection with alleged infringement of the design patent and copyright.  It is undisputed that the fee agreement expressly provided that OFP was the sole client, and that H&B did not represent "its shareholders, directors, partners, members, managers, or employees."  (Dkt. #108-33 at ¶5).

H&B subsequently filed litigation on behalf of OFP in this Court, *Oak Forest Products, Inc. v. Home Depot, USA et al.*, 08-CV-6531-DGL ("underlying litigation"), alleging causes of action against two defendants for design patent infringement ("Patent Claim") and copyright infringement ("Copyright Claim").

In or about April 2011, H&B informed OFP that it could not continue the underlying litigation without assurances that it would be paid for its efforts, and encouraged OFP to grant it the necessary authority to pursue a settlement.  OFP refused, and advised H&B that it was unable to pay for further representation.  On June 15, 2011, H&B moved to withdraw as counsel for OFP in the underlying litigation, and that motion was granted on January 12, 2012.  Within a few weeks, OFP retained new counsel, settled the underlying litigation in its entirety, and brought this action alleging that H&B had committed malpractice when it failed to provide the defendants in the underlying action with sufficiently timely notice of infringement as required by statute, and thereby prevented plaintiffs from being able to claim or recover the full amount of damages on their Patent Claim.  This case was initially commenced in Florida state court and was then removed to the federal district court for the Western District of Florida, on or about March 21, 2012.  On August 7, 2012, the Florida district court granted a motion by H&B to transfer venue of the action here, to the Western District of New York.

2

H&B now moves for summary judgment dismissing the case (Dkt. #108), on the grounds that: (1) OFP's voluntary settlement of the underlying action operates as a waiver which bars it from now asserting that H&B committed malpractice; and (2) the remaining plaintiffs (Cartwright, Lai and OFP-Taiwan) were never clients of H&B, and thus lack "standing" to assert these malpractice claims.  H&B has also moved to strike certain deposition transcripts filed by plaintiffs on January 13, 2015, after expiration of the briefing schedule for the instant motion. (Dkt. #134).

For the reasons set forth below, H&B's motion for summary judgment (Dkt. #108) is denied, and H&B's motion to strike (Dkt. #134) is denied as moot.


### DISCUSSION

### I.      Standard on a Motion for Summary Judgment

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). To defeat a motion for summary judgment[,] a plaintiff cannot rely on mere 'conjecture or surmise.'" *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723 (2d Cir. 1994).

### II.     H&B's Motion for Summary Judgment

### A.      Plaintiffs' Malpractice Claim

Under New York law, which the parties agree governs here, in order to prevail on a claim for malpractice the plaintiffs "must prove that [their] attorney failed to exercise 'that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the

plaintiff, and that but for the attorney's negligence, plaintiff would have been successful in the underlying action [or would have avoided damages in some other way].'" *Harleysville Worcester Ins. Co. v. Hurwitz et al.*, 2005 U.S. Dist. LEXIS 5721 at *8 (S.D.N.Y. 2005) (*quoting Carney v. Philippone*, 332 F.3d 163, 167 (2d Cir. 2003).

Accordingly, H&B bears the burden on its motion for summary judgment to show that the plaintiffs cannot prove one or more of the elements of their malpractice claim.[1]   H&B does not dispute that there are questions of fact concerning the negligence element, but argues that plaintiffs cannot demonstrate that the alleged negligence proximately caused any damages to the plaintiffs.  *See Brill & Meisel v. Brown*, 2012 N.Y Misc. LEXIS 3856 at *30-*31 (Sup. Ct. N.Y. County 2012) ("[a]t trial, a former client maintains the burden to prove that he . . . would not have incurred any damages but for the attorney's negligence . . . [i]t follows, that on summary judgment, the movant must demonstrate that the former client did not incur damages, or cannot produce evidence of damages, that were caused by the attorney's deviation from the applicable standard of care").

Notwithstanding the defendant firm's arguments to the contrary, I find that there are questions of material fact with regard to whether plaintiffs suffered actual damages as a result of the defendant's alleged malpractice.

---

[1]   The Court observes that the parties' briefing on the instant motion for summary judgment was directed primarily toward the issue of whether and to what extent the fact of plaintiffs' settlement of the underlying action bars them from bringing this action for malpractice.  While the Court notes that there is some authority to that effect concerning voluntary settlements, it is inapposite here, since plaintiffs claim that H&B's failure to provide notice to infringers so vitiated plaintiffs' scope of recovery on the Patent Claim that settlement was the only reasonable option.  It is well settled that where, as here, plaintiffs credibly allege that they were "compelled" to settle the underlying action *because* the alleged negligence of their former counsel, settlement will not operate as an automatic bar to a subsequent malpractice claim.  *See e.g.*, *Benishai v. Epstein*, 116 A.D.3d 726, 727 (N.Y. 2d Dept. 2014); *Lattimore v. Bergman*, 224 A.D.2d 497, 497 (N.Y. 2d Dept. 1996).

In the usual malpractice case, one or both parties would have produced expert evidence on the issue of whether, but for the defendant's alleged malpractice, plaintiff would have been able to recover higher damages, or a higher settlement, in the underlying action.  *See e.g.*, *Harleysville Worcester Ins. Co.*, 2005 U.S. Dist. LEXIS 5721 at *11-*12.  Here, neither side has produced appreciable evidence in admissible form on that issue: instead, each argues that their opponent's failure to produce such evidence merits disposition of the motion in their own favor. Nonetheless, the Court has examined the record in detail to glean what relevant evidence could be found, and drawing all inferences in plaintiffs' favor as the nonmovants, I find that there are material questions of fact as to whether defendant's actions or inactions damaged the plaintiffs by significantly reducing their potential recovery on claims asserted in the underlying action.

Some of the submitted evidence suggests that the alleged malpractice rendered plaintiff unable to obtain any patent infringement damages for most or all of the first three full years that the alleged infringement was occurring.  (Dkt. #117-19 at 1-2, describing infringement as early as November 2006, and stating that "[t]o our knowledge no actual notice [was] given to the Defendants [in the underlying action] before [it was filed in November 2009.] . . . For purposes of the design patent claim, damages commence in November 2009").

On the other hand, evidence of record also suggests that the scope of plaintiffs' damages was reduced significantly over time by other factors unrelated to any alleged malpractice, such as discovery indicating that the gross profits obtained by the alleged infringers in the underlying action were far lower than initial, pre-litigation estimates had assumed.  (Dkt. #117-15, #117-17). *But see* Dkt. #117-16 (suggesting a far higher damages potential).  Moreover, most or all of the damages allegedly lost to plaintiffs by the defendant's alleged failure to give actual notice to

5

infringers (and thus preserve the full value of the Patent Claim) may have been recoverable on the separate Copyright Claim.  (Dkt. #117-19 at 2).

Given the incompleteness of the record and the dueling, contradictory factual accounts and evidence presented by the parties on the material issue of whether (and to what extent) plaintiffs suffered damages as a result of the alleged malpractice, summary judgment is inappropriate at this juncture.  *See e.g.*, *Leder v. Horowitz*, 23 A.D.3d 626, 627 (N.Y. 2d Dept. 2005) (summary judgment in malpractice action is inappropriate where "a triable issue of face exists as to whether . . . but for the defendants' alleged negligence, the plaintiff would have obtained a larger recovery").

### B.     Claims by Lai, Cartwright, and OFP-Taiwan

Defendant also moves to dismiss all claims by Cartwright, OFP-Taiwan and Lai.

H&B argues that Cartwright, Lai and OFP-Taiwan lack standing to assert claims based on H&B's representation of OFP in the underlying litigation, because H&B was retained in that action to represent OFP exclusively.  While this might be true, it is beside the point: the acts and omissions alleged to have constituted malpractice took place in the years before the underlying action was filed.  It is undisputed that beginning in or around 2002 and continuing through the underlying litigation, Cartwright and later Lai employed Fitzgerald and later H&B (due to Fitzgerald's joining the firm in or around 2005), to serve as their intellectual property attorney(s), and that Fitzgerald was charged with prosecuting the patent application that would mature into the subject patent.

 It was Fitzgerald who drafted the asset purchase and assignment agreement whereby Cartwright assigned all right, title and interest in the relevant design patent and patent application to Lai and OFP-Taiwan in 2003, oversaw the application through the issuance of the patent in

2004, and later advised Lai and OFP-Taiwan to re-assign the patent to OFP for purposes of the underlying litigation in 2008.   It is during these years, plaintiffs allege, that the alleged malpractice – a failure to protect the patent by placing infringing parties on statutory notice of the patent and/or its infringement – occurred.   Accordingly, regardless of whether Cartwright, Lai and/or OFP-Taiwan were H&B's clients for purposes of the underlying litigation, there is, at the very least, a question of fact concerning whether H&B represented them during the time period, and for the purposes, relevant to plaintiffs' malpractice claims.   As such, the undisputed facts fail to establish that Cartwright, Lai and OFP-Taiwan lack standing to assert malpractice claims arising out of defendant's conduct leading up to the underlying litigation, and summary judgment dismissing their claims on that basis is not appropriate.

III.     **H&B's Motion to Strike**

H&B also moves to strike certain deposition transcripts which were filed at the eleventh hour by plaintiffs, just two days before the hearing on H&B's motion for summary judgment took place.   The Court has reviewed these transcripts, but did not consider or rely upon them in deciding the motion for summary judgment.   As set forth above, the record contains evidence of disputed issues of material fact sufficient to require denial of the motion for summary judgment, regardless of the transcripts.   Accordingly, H&B's motion to strike the transcripts is denied as moot.


**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment dismissing the complaint (Dkt. #108) is denied, and defendant's motion to strike (Dkt. #134) is denied as moot.

The parties are directed to promptly contact United States Magistrate Judge Jonathan W.

Feldman to establish a schedule for discovery, as referenced in the Magistrate Judge's Order

(Dkt. #123) granting, in part, a stay of discovery.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        March 4, 2015.