UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OAK FOREST PRODUCTS, INC., et al.,

                           Plaintiffs,

                                                                                           DECISION and ORDER

                      -vs-                                                                    12-CV-6453L

HISCOCK & BARCLAY, LLP,

                           Defendant.
_____

## INTRODUCTION

This action arises from legal malpractice allegations against defendant Hiscock & Barclay LLP ("Hiscock & Barclay") related to its representation of Oak Forest Products, Inc. ("OFP"), OFP's Taiwanese sister corporation Oak Forest Products, Inc. (Taiwan) ("OFP-Taiwan"), OFP President and sole owner Thomas Cartwright ("Cartwright") and OFP-Taiwan President and sole owner Michael Lai ("Lai"), concerning certain copyright and patent matters. On March 4, 2015 (Dkt. #138), the Court denied a motion by Hiscock & Barclay (Dkt. #108) for summary judgment dismissing the claims against it. Specifically, the Court found that: (1) the plaintiffs' settlement of copyright and patent claims in a related action did not foreclose them from pursuing malpractice

claims for pre-litigation conduct by Hiscock & Barclay, particularly because there was evidence that the settlement of the underlying litigation was caused in part by the firm's alleged negligence, which diminished the potential damages recoverable; (2) there were material questions of fact as to whether plaintiffs suffered actual damages as a result of defendants' negligence; and (3) there were material questions of fact as to whether OFP-Taiwan, and individual plaintiffs Cartwright and Lai, had standing to allege malpractice claims against Hiscock & Barclay.

Hiscock & Barclay now moves for reconsideration of that Decision and Order pursuant to Fed. R. Civ. Proc. 59(e) and Rule 7(d)(3) of the Local Rules of Civil Procedure, and in the alternative, requests certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, that motion (Dkt. #140) is denied.

## DISCUSSION

### I.      Motion for Reconsideration and Reargument

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. County of Westchester*, 128 Fed. Appx. 181, 185 (2d Cir. 2005) (unpublished opinion). A court may, in its discretion, reconsider its previous ruling if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." *U.S. v. Billini*, 2006 WL 3457834 at *1 (S.D.N.Y. 2006). "New evidence" is evidence that was unavailable to the movant when the Court made its previous ruling, and that could not have been found by due diligence. *See Frankel v. City of New York*, 2009 WL 4037818 at *1 (S.D.N.Y. 2009). *See also Hines v. Overstock.com,*

2

*Inc.*, 380 Fed Appx. 22, 25 (2d Cir. 2010) (unpublished opinion). Thus, while reconsideration is appropriate where necessary to correct for "clear error" or to "prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), it should not be employed merely as a means to reargue that which was previously decided. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Under these standards, there is no basis for this Court to reconsider its prior decision.

Initially, Hiscock & Barclay contends that the Court erred by "inserting facts not in the record" when it stated that plaintiffs are claiming that they were compelled to settle the underlying action because of Hiscock & Barclay's negligence, because the plaintiffs "never actually alleged factual allegations...in support of this claim." (Dkt. #146 at 4). While Hiscock & Barclay is correct that plaintiffs' original and amended complaints do not overtly contain such allegations, the fact that plaintiffs did not articulate the compelled settlement theory in their pleadings does not bar them from asserting it now. Indeed, the idea that Hiscock & Barclay's alleged malpractice created some motivation to settle the matter follows logically from plaintiffs' allegations in the Amended Complaint in this malpractice action that Hiscock & Barclay's pre-litigation malpractice had "severely" and irreversibly diminished the scope of recoverable damages in the related action. (Dkt. #55-1 at ¶41). In any event, this Court's analysis of the underlying motion was not limited to the four corners of the amended complaint in the first instance, since the motion was one for summary judgment.

Hiscock & Barclay also contends that the "case law relied on by this Court in denying H&B's motion for summary judgment expressly holds that a litigant must **allege** that an underlying settlement was compelled by his former counsel's negligence." (Dkt. #146 at 2, emphasis in original) (citing *Lattimore v. Bergman*, 224 A.D.2d 497, 497 (2d Dept. 1996); *Benishai v. Epstein*,

3

116 A.D.3d 76, 728 (2d Dept. 2014)).  The firm's characterization of the holdings in these cases is mistaken.  The *Benishai* court made no "express[]" holding that a compelled settlement theory must be stated in a complaint or else waived: it merely spoke in terms of the sufficiency of factual allegations in the underlying pleading because it addressed a motion to dismiss for failure to state a claim pursuant to N.Y. CPLR 3211(d),which limited the court's analysis to the four corners of the complaint.   The *Lattimore* decision addressed, as this Court did, a motion for summary judgment. It not only made no holding resembling that which Hiscock & Barclay describes, but to the contrary, held that summary judgment should be denied where, as here, the record contains "issues of fact as to...whether [plaintiffs] freely elected to settle their... action."  *Lattimore*, 224 A.D.2d at 497.

     Other New York courts addressing motions for summary judgment in malpractice cases involving potentially compelled settlements have not questioned or even mentioned whether the theory was alleged in the complaint, but have focused, appropriately, upon whether "***the record*** presents factual questions with regard to whether plaintiff was compelled to settle."  *Schrowang v. Biscone*, 128 A.D.3d 1162, 1162 (3d Dept. 2015) (emphasis added).  *See also Shapiro v. Butler*, 73 A.D.2d 657, 660 (3d Dept. 2000) ("inasmuch as ***the record*** fails to establish as a matter of law that plaintiffs voluntarily settled the . . . action and were not effectively compelled to do so by defendants' negligence, plaintiffs' settlement of that action does not entitle defendants to summary judgment dismissing the legal malpractice claim") (emphasis added).  Accordingly, the sufficiency of plaintiff's factual allegations was, and is, not at issue.

     Hiscock & Barclay also argues that regardless of whether the plaintiffs ever alleged a compelled settlement, the plaintiffs "never...presented any **evidence** in support of [the compelled

settlement theory]," and that the Court's findings therefore lacked a basis in the record.  (Dkt. #146 at 4).

The record suggests otherwise.  The plaintiffs argued in their papers opposing the underlying motion and at the hearing on that motion, that their settlement of the related action was the logical and necessary result of Hiscock & Barclay's malpractice, the effect of which had been (as alleged in the amended complaint) to significantly and irreparably diminish the plaintiffs' potential damage recovery in that case.  *See e.g.*, Dkt. #117 at 7-15; Dkt. #117-1 at ¶¶45-49.  According to the documentary evidence submitted, it appears that even Hiscock & Barclay came to identify a significant diminution in the potential value of the plaintiffs' claims in the related case, attributable, in part, to what the firm described as the lack of "actual notice [of patent infringement] given to the [defendants in the related action]."  (Dkt. #117-19 at 1).  The firm proceeded to repeatedly urge plaintiffs to "seriously consider" settlement of the matter in order to avoid the costs of trial.  (Dkt. #117-15 at 1-3; #117-19 at 2; #117-20 at 1-2).

Counsel's failure to timely provide patent infringers with actual notice is one of the primary acts of malpractice alleged by plaintiffs in the amended complaint, and Hiscock & Barclay's communications to plaintiffs support plaintiffs' claims that they, too, came to believe that in light of the diminished potential for recovering damages in the related case, they had little meaningful choice but to settle.

Indeed, the Court's conclusion – that there was evidence to suggest that plaintiffs' settlement was "compelled" by the circumstances surrounding the related action – is roundly echoed in Hiscock & Barclay's own papers, an irony which the Court would be hard-pressed to ignore.  Hiscock & Barclay not only admits, but affirmatively *argues*, that the deposition testimony of OFP's President, Thomas Cartright (testimony which the firm successfully argued

5

that the Court should ignore in deciding the underlying motion for summary judgment, but which it now urges the Court to "review and consider," a request that the Court hereby grants), at the very least "raise[s] a question of fact concerning whether plaintiffs were 'compelled' to settled the underlying litigation." (Dkt. #140-1 at ¶5). *See* Cartright deposition transcript, Dkt. #140-3 at 5 ("[I settled because] I needed money to move forward. The only standing I had with the copyright case for Hiscock & Barclay, they said it was very weak, couldn't move in on it, and so I just decided that I had some funds to move forward, to continue this [malpractice] case after the patent infringement that I felt was the real heart of the matter").

I agree that Cartright's testimony raises a question of fact as to whether plaintiffs' settlement was (or was not) motivated by Hiscock & Barclay's alleged malpractice. That is precisely what I ruled in my March 4, 2015 decision denying summary judgment. Issues of fact abound. I therefore find no reason to revisit my conclusion, now bolstered by Hiscock & Barclay's own arguments and evidence, that the plaintiffs "credibly allege[d]" a compelled settlement. (Dkt. #138 at 4 n.1).

Hiscock & Barclay also argues that the Court "overlooked controlling law" when it chose to apply the well-settled law relating to compelled settlements to the facts of the case. What Hiscock & Barclay apparently means is that the Court disagreed with the firm about which body of controlling case law was most on point with the circumstances presented. Far from "overlooking" the case law championed by Hiscock & Barclay concerning the consequences of voluntary settlements, the Court discussed it in detail, and proceeded to find that it was inapplicable to the present circumstances, in light of plaintiffs' position that the underlying settlement had *not* been voluntary, but was compelled by Hiscock & Barclay's alleged malpractice. *Id*.

I have considered the remainder of Hiscock & Barclay's arguments, and find them to be without merit.  The motion for reconsideration is denied.

## II. Request for Certification of an Interlocutory Appeal

In addition to its motion for reconsideration and reargument, Hiscock & Barclay requests, in the alternative, certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The decision whether to grant or deny certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is entrusted to the sound discretion of the district court.  In considering a request for certification, the Court examines whether the question to be certified: (1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) for which an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

Additionally, "routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" J*ohn and Vincent Arduini Inc. v. NYNEX*, 129 F. Supp. 2d 162, 175 (N.D.N.Y. 2001) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74).

I have reviewed the relevant factors, and do not believe that certification is appropriate here. The underlying motion presents no controlling questions of law as to which there is a substantial ground for a difference of opinion. To the contrary, Hiscock & Barclay's submissions seek merely to reargue the underlying motion, and to urge the Court once again to apply a body of case law which the court has already determined is manifestly inapposite to the circumstances presented here.  The defendants have not shown that this is an unusual case that warrants interlocutory review. The request for certification of an interlocutory appeal is accordingly denied.

## CONCLUSION

For the foregoing reasons, Hiscock & Barclay's motion for reconsideration (Dkt. #140) is denied, and its request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is likewise denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 14, 2015.